Kercheis agt. Schloss.

# SUPREME COURT..

ALEXANDER F. KERCHEIS, receiver, agt. WM. J. SCHLOSS *et al.*

*Proper execution of assignment for the benefit of creditors.*

An assignment for the benefit of creditors should be made, executed and acknowledged in the manner and according to the forms prescribed by statute.

Where an assignment does not contain, in the body of it, the names of the creditors, &c., but they are contained in a schedule with the order of preference, &c., the schedule must be annexed to the assignment and form a part of it, before the latter is executed and acknowledged, otherwise the assignment is void.

An assignment which contemplates that the schedule of creditors be annexed at some future time is fraudulent upon its face, as it in effect reserves to the debtor the right thereafter to designate the persons who shall be preferred in the distribution of the assigned property and assets.

*N. Y. Special Term, February,* 1875.

*Wm. H. Dickinson,* for plaintiff.

*S. C. Conable,* for defendant.

VAN VORST, *J.*— As the creditors whose claims were designed to be paid out of the designated property and assets are not named in the body of the assignment, in order to have made a sensible and perfect instrument, by which the assignors would be guided in administering the trusts, and by which all concerned would be bound, the schedules containing the names of creditors and their order of preference should have actually formed a part of the assignment,

and have been annexed thereto at the time of its execution and delivery.

Unless a schedule containing a list of creditors formed a part of the assignment when the execution of the same is claimed to have been acknowledged at the house of the defendant Schloss, the instrument in the form in which it is now presented, with schedule annexed, was not then acknowledged as required by the act of April 13, 1860 (*Britton* agt. *Lorenz*, 45 *N. Y.*, 54). In which case it was held that unless instruments of this character were acknowledged in conformity to the act they are void. The act in question provides that every conveyance or assignment made by a debtor of his estate in trust to an assignee or assignees, for the creditors of such debtor shall be in writing, and shall be duly acknowledged before an officer authorized to take the acknowledgment of deeds, and the certificate of such acknowledgment shall be duly indorsed upon such conveyance or assignment before the delivery thereof to the assignee or assignees therein named.

There is no evidence that at the time of the acknowledgment of the execution of the assignment the schedule was annexed thereto. The notary who took the acknowledgment says he believes the schedule was not attached at the time, and that but one paper was presented to him for acknowledgment.

There is evidence tending satisfactorily to show that the schedule was not then actually annexed.

The assignment without the schedule, was filed for record in the county clerk's office early in the morning of the day on which the acknowledgment was taken, and the schedule was not filed until about three o'clock in the afternoon.

And while the assignment is executed by the assignors and assignees, and its execution witnessed by the notary, the schedule is signed by the assignors only, and their signature is witnessed, not by the notary, but by Kilduff, a clerk in the office of the attorney who prepared the assignment.

On the trial the defendants claimed that the schedule was actually present before the notary at the time the assignment was executed, acknowledged and delivered, and was delivered with it. But there is no satisfactory evidence that the schedule was then signed, or that it was actually a part of the instrument which was then executed and acknowledged. The notary evidently did not so understand it. And the language of the assignment itself would seem to rebut any presumption that the schedule was then regarded as actually forming a part of the instrument. It is as follows: "The said party of the second part shall pay all the debts set forth and enumerated in a schedule of debts which will be hereto annexed, marked schedule B."

This language is explicit. It is the declaration of the parties at the time the paper was signed, and clearly indicates that the annexation of a schedule was an act to be done in the future.

At best, if present on the occasion in question, the schedule was a loose, detached sheet of paper, and not annexed to or really a part of the instrument executed and acknowledged before the notary.

If the schedule was not actually a part of the assignment when executed and acknowledged, but was annexed afterward, such act would make a new deed.

In *Moir* agt. *Brown* (14 *Barb.*, 39, HAND, *J.*,) it was held that the schedule containing a specification of the property concerned would have controlled and limited the general words of the assignment; that such schedule not being annexed, the assignment was insensible, and, as against creditors, did not convey the property to the assignees.

If the assignment contemplated, as its language would seem to import, that the schedule of creditors was to be annexed at some future time, it would be fraudulent upon its face, as it would, in effect, reserve to the debtor the right thereafter to designate the persons who should be preferred in the distribution of the assigned property and assets.

Kercheis agt. Schloss.

An assignment for the benefit of creditors which substantially reserves to the assignors the right to give future preferences is fraudulent and void as against creditors who have not assented thereto.

The assignment must itself fix and determine the rights of creditors in the assigned property, and not reserve to the assignors the power of substantially doing so (*Averill* agt. *Loueks*, 6 *Barb.*, 470; *Sheldon* agt. *Dodge*, 4 *Denio*, 220).

The reason why the reservation of such power in the assignors is fraudulent is obvious. The debtor, in such an assignment, puts his property beyond the reach of his creditors, and yet reserves the right to control the manner of its distribution among them, which control would enable him to exact from them such terms as he might choose to offer.

It is a violation of the statute, which declares assignments made with intent to hinder, delay and defraud creditors, to be void. The intent of the debtor cannot be considered other than it appears in the instrument. The law pronounces such reservation of power in the debtor fraudulent.

"The courts have found great difficulty in upholding assignments which give a preference among creditors; and such transfers have only been allowed to stand where the debtor makes an absolute assignment of his effects for the benefit of those to whom they rightfully belong." Such is the language of BRONSON, J., in *Goodrich* agt. *Downs* (6 *Hill*, 438), in which case an assignment was held to be fraudulent because it contained a direction that the surplus, if any after paying creditors, should be returned to the assignors.

It was also held that the assignment could not be aided by extrinsic evidence; that the assigned property would not sell for enough to pay the creditors provided for.

The assignment was held to be fraudulent on its face.

Assignments of this character should be made, executed and acknowledged in the manner and according to the forms prescribed by statute.

The observance of such forms should be guarded by the

Kercheis agt. Schloss.

courts, and all means by which fraud may be accomplished should be cut off.

There should be no power reserved to the debtor by the assignment to interfere with the distribution of the assigned property among his creditors, and no means or opportunity reserved to him in any way, nor for any length of time, however short, after the execution of the instrument, to make preferences among his creditors, or to use the assignment as a means of extorting terms from his creditors.

As the language of the assignment under consideration points to such results, and in terms reserves such power, and affords the means for its improper exercise, by the annexation of a schedule of creditors in the future, it should not be sanctioned as a precedent, but should be adjudged fraudulent and void as to the plaintiff, who is a judgment creditor, with an execution returned unsatisfied.

There should be a judgment declaring the assignment fraudulent and void as against the plaintiff, and for an accounting.